IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC A. SHORE, P.C., | : | |
|                 Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 16-5224 |
| | : | |
| INDEPENDENCE BLUE CROSS | : | |
|   and | : | |
| INDEPENDENCE HEALTH GROUP, | : | |
|                 Defendants. | : | |

**MEMORANDUM**

McHUGH, J.                                                                                       NOVMEMBER 17, 2016

     This case arises out of an improper denial of claims under an ERISA-qualified health plan.  To settle that dispute, the insurer offered to freeze premiums for a substantial period of time, and then allegedly reneged on its commitment, leading the plan sponsor to sue.  The question before me is whether this subsidiary dispute over enforcement of the agreement is preempted by ERISA, which would give rise to federal jurisdiction and mandate application of federal law, or whether the controversy should be litigated in state court under Pennsylvania law.  Because I am constrained by the "extraordinary preemptive power" of ERISA, *New Jersey Carpenters & the Trs. Thereof v. Tishman Constr. Corp. of N.J.*, 760 F.3d 297, 303 (3d Cir. 2014),  Plaintiff's Motion to Remand will be denied, and state law claims inconsistent with ERISA dismissed.

1

## I.  Factual Background

Plaintiff is a law firm that contracted with Defendant Independence Blue Cross (IBC) in September 2014 to obtain health insurance for its employees.  According to Plaintiff, IBC violated the parties' contract in early 2015 by accidentally denying coverage for some claims that it was obligated to pay.  On March 26, 2015, Defendant offered in writing to freeze Plaintiff's premium rates for sixteen months – purportedly in order to "make good" for its earlier mistake.  Plaintiff accepted Defendant's rate freeze offer approximately two months later.  IBC later informed Plaintiff that it could not honor the premium freeze agreement it first extended because of a mistake – the offer should have read that rates would be frozen through December 2015 rather than 2016.

Plaintiff, asserting losses suffered in reliance on the agreement, sued in state court for common law fraud, breach of contract, statutory bad faith (42 Pa. Cons. Stat. § 8371), promissory estoppel, "reasonable expectation," breach of fiduciary duty, and violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (73 Pa. Stat. and Const. Stat. Ann. §§201.1-9.3).  IBC responded to the suit with a removal and motion for partial dismissal, asserting that the Employment Retirement Income Security Act of 1974 (ERISA) controls.

## II.  Plaintiff's Motion to Remand

*A.  Standard of Review*

As courts of limited jurisdiction, federal courts closely scrutinize removal.  On a motion to remand, a federal district court should "assume[ ] as true all factual allegations of the complaint," and resolve "all doubts" "in favor of remand."  *Steel Valley Auth. v. Union*

*Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987). The defendant has the burden of proving that an action has been properly removed, *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 219 (3d Cir. 2005), and federal preemption, because it is an affirmative defense, would ordinarily "not authorize removal to federal court." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). But the general principles typically weighing against removal lose much of their force here, because, as the Court of Appeals has stated: "ERISA's civil enforcement mechanism, Section 502(a), 'is one of those provisions with such extraordinary pre-emptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule,' and permits removal." *Tishman*, 760 F.3d at 303.

Because removal determinations are jurisdictional in nature, I must first apply the modified standard for ERISA-related removal to determine if the case is properly before me.

B. ERISA Preemption

I conclude that the doctrine of complete preemption, which is applicable to ERISA suits, requires removal in this context. In rare instances, "Congress may so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Taylor*, 481 U.S. at 63–64. The U.S. Supreme Court has found federal preemption broadly necessary in cases that relate to the administration of employee healthcare plans, stating that Congress passed ERISA "to provide a uniform regulatory regime over employee benefit plans," and to establish that employee benefit plans are "exclusively a federal concern." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004).

Within the Third Circuit, two factors determine when preemption of an ERISA-related claim is necessary. A claim is preempted where (1) it could have been brought under ERISA's

3

Section 502(a) (*see* 29 U.S.C. § 1132), and (2) it alleges breach of a legal duty that is not independent of the ERISA plan.  *Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 398 (3d Cir. 2004), *as amended* (Dec. 23, 2004).  Applying this test, I find that the rate freeze agreement at issue here cannot be evaluated without an understanding of the underlying plan.  Furthermore, because Plaintiff's claims could have been brought under ERISA, and because they rest on a legal duty dependent upon the existence of an ERISA plan, they are necessarily preempted by federal law.

    1.   Plaintiff's claims fall within the scope of Section 502(a)

Section 502(a) of ERISA authorizes suits "by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132.  Plaintiff argues it lacks standing to bring suit under ERISA, but that is incorrect.  As an individual employer that negotiated and contracted into an ERISA plan for its employees – i.e. a plan sponsor – Plaintiff is a "participant or beneficiary" under Section 502(a).  *See id.* § 1002(16)(B), (A)(ii); *Duda v. Standard Ins. Co.*, 205 WL 1961170 (E.D. Pa. 2015), *aff'd*, 649 Fed. Appx. 230 (3d Cir. 2016); *see also United States Steel Corp. v. Pa. Human Relations Comm'n.*, 669 F.2d 124 (3d Cir. 1982).

Plaintiff further claims that preemption does not apply because it is not suing to recover benefits, enforce rights, or clarify future entitlements under an ERISA plan, but instead suing over a broken promise untethered to any ERISA-regulated agreement.  This argument is superficially appealing but ultimately unpersuasive.  Although the rate freeze agreement is technically ancillary to Plaintiff's ERISA plan, it was put in place in order to clarify updated responsibilities due under the plan arising out of a failure to pay covered benefits.  Moreover,

Plaintiff is suing to enforce a benefit – the rate freeze – due to it under the terms of an (albeit amended) ERISA plan.  This type of suit is specifically authorized by Section 502(a).  29 U.S.C. § 1132(a)(3).  While Plaintiff's common law claims are not themselves cognizable causes of action under ERISA, they "relate to" a contract governed by ERISA.  *Menkes v. Prudential Ins. Co. of Am.,* 762 F.3d 285, 290 (3d Cir. 2014).  For these reasons, Plaintiff could have sued under Section 502(a), triggering ERISA preemption.

   2. <u>The duty asserted in Plaintiff's Complaint does not arise independent of ERISA-covered benefits</u>

Plaintiff and Defendant agree that the health benefits plan giving rise to Plaintiff's underlying claims is an ERISA-qualified plan, but they disagree about whether the related rate freeze is independent of the plan for preemption purposes.  This dispute turns on the meaning of "independent" in the context of ERISA.  The Third Circuit has found that a legal duty is "independent" only if it "would exist whether or not an ERISA plan existed." *Tishman,* 760 F.3d *at* 303–304 (3d Cir. 2014); *see also Khan v. Guardian Life Ins. Co. of Am.*, No. CV 16-253, 2016 WL 1574611, at *2 (D.N.J. Apr. 19, 2016) ("[T]he claims 'relate to' the Plan because if there were no Plan, there would be no alleged causes of action."); *Torsiello v. Strobeck*, 955 F. Supp. 2d 300, 309 (D.N.J. 2013) ("The second [*Tishman*] prong evaluates whether 'ERISA benefit plans and obligations underscore Plaintiff's state law claims.'") (citation omitted).  While Plaintiff's claims will likely not require detailed interpretation of the underlying ERISA plan, they clearly rely upon the existence, and alleged breach, of an ERISA contract.[1]  Federal

---

[1] Plaintiff argues that preemption is not appropriate here because resolution of its claims will not require interpretation of the terms of an ERISA plan.  I recognize that the Third Circuit made statements in *New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, suggesting that a preemption inquiry turns on whether plan interpretation would be necessary.  However, the court also stated in *Tishman* that preemption turns on whether an independent contract would exist in the absence of an ERISA plan.  Shortly thereafter, the

jurisdiction is appropriate on these grounds.  Therefore, I will deny Plaintiff's Motion to Remand.

### III. Defendant's Motion to Dismiss

Because ERISA controls, Plaintiff's claims for common-law fraud, statutory bad faith "reasonable expectation," and violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law are preempted and must be dismissed.  As IBC concedes, Plaintiff's claims for breach of contract and breach of fiduciary duty are properly brought under ERISA and therefore not preempted.  Plaintiff separately pleads promissory estoppel.  Because I view that claim as an alternative means of proving a contractual violation under Section 502(a), it will survive.

Recognizing that Plaintiff brought this action in state court under Pennsylvania law, to the extent that Plaintiff deems it desirable to amend its complaint to restate its claims under ERISA, it is granted leave to do so within 20 days, and shall give notice to Defendant whether it will exercise this option. Defendant shall answer the pending or amended complaint accordingly.

/s/ Gerald Austin McHugh
United States District Judge

---

Circuit expressed its hesitance to "unbundle closely related components of an employer's broader ERISA benefits plan," *see Menkes,* 762 F.3d at 292.  To the extent that there is any internal inconsistency in *Tishman*, I view *Menkes* as resolving such inconsistency in favor of preemption in close cases.